## JOHN HOWELL *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 5—174.]

**Detaining Female with Intent to Have Carnal Knowledge with Her.**
An indictment is sufficient which charges, after alleging the time and venue that the accused "did unlawfully detain Mary Selvey, a woman, against her will with the intent to have carnal knowledge with her himself by taking hold of her with his hands."

**Woman or Female.**
In the statute providing for punishment of those who unlawfully take and detain a woman against her will, with intent to carnally know her, the term "woman" is used synonymously with "female," and the accused is guilty whether the woman is over fourteen years of age or under said age.

APPEAL FROM BOYD CIRCUIT COURT.

June 5, 1883.

OPINION BY JUDGE HARGIS:

The appellant was indicted, tried, convicted and sentenced to the penitentiary for five years for the offense of detaining Mary Selvey against her will with intent to have carnal knowledge with her himself. The facts alleged as constituting the offense are that he "did unlawfully detain Mary Selvey, a woman, against her will with the intent to have carnal knowledge with her himself by taking hold of her with his hands."

These facts, coupled with the time and venue which were properly laid in the indictment, constitute the offense intended to be punished by the statute. Gen. Stat. 1881, ch. 29, art. 4, § 9. The statute was

enacted to reach that class of cases which does not embrace an intent to commit a rape or which may not be susceptible of proof of such an intent, and at the same time to punish every taking and detention by a man of a woman against her will with intent to have carnal knowledge with her himself or that another shall have such knowledge, whether accompanied with an intention on the part of either to commit rape or not upon her person. The object of the statute is to protect women from the grasp and assaults and methods which the ungovernable may resort to in taking or detaining them against their will for the purpose of compelling them to submit to carnal knowledge. The degree of violence or wickedness of the intention with which a woman is taken or detained does not palliate, merge or bar the statutory offense. They may, however, render it more definite and certain; hence the fact that the evidence tended to show the appellant intended to commit a rape upon Mary Selvey after he had taken her over a fence and up a dark wooded ravine, and there detained her with great violence and indecency, was properly allowed to be considered by the jury. As the offense laid in the indictment was fully proved, the instruction that if the accused "did unlawfully detain Mary Selvey," etc., without confining it to a detention by the use of his hands alone, was not prejudicial to his substantial rights, there being no pretense that he detained her by artifice and duress or in any other way than violently seizing her person with his hands and arms and thus taking and detaining her to accomplish his lustful purpose.

The statute does not mean that the person injured must be a woman over fourteen years old. The term woman is used synonymously with female in the statute, and we are therefore of the opinion there was no error in rejecting the instruction asked by the appellant to the effect if the jury believed Mary Selvey, at the time of the offense, was under fourteen years old they should acquit him. The offense being plainly charged, the instructions correct and the verdict sustained by the evidence, we see no error authorizing a reversal of the judgment.

The judgment is therefore *affirmed*.

L. T. Moore, D. D. Eastham, T. R. Brown, for appellant.

P. W. Hardin, for appellee.

[Cited, *Couch v. Commonwealth,* 16 Ky. L. 477, 29 S. W. 29.]